United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 03-41239
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER AGUILAR-ALVAREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(M-03-CR-458-1)

Before BARKSDALE, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Javier Aguilar-Alvarez appeals his sentence on his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a) & (b). Aguilar contends that the district court erred in determining it lacked authority under § 5K2.0 of the Sentencing Guidelines to grant a downward departure based upon Aguilar's early entry of his guilty plea (two hours after arraignment). A district court's application of the Guidelines is reviewed *de novo*; its findings of fact, for clear error. *E.g.,* ***United States v. Ocana***, 204 F.3d 585, 588 (5th Cir.), *cert. denied*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

531 U.S. 880 (2000). Because this case involves whether the district court correctly determined it lacked authority to grant the downward departure under § 5K2.0, we have jurisdiction. *E.g., **United States v. Valencia-Gonzales***, 172 F.3d 344, 346 (5th Cir.), *cert. denied*, 528 U.S. 894 (1999).

Referencing 18 U.S.C. § 3553(b), Guidelines § 5K2.0 provides that the sentencing court may impose a sentence outside the range established by the applicable guidelines, if it finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described". 18 U.S.C. § 3553(b). Some authority exists in the commentaries to the guidelines, as well as from other courts that have addressed the issue, that the district court has the authority to depart under § 5K2.0 in an exceptional case. *See **United States v. Shah***, 263 F. Supp. 2d 10, 36-37 (D.D.C. 2003); ***United States v. Dethlefs***, 123 F.3d 39, 46 (1st Cir. 1997); § 5K2.0, comment. (n.3(B)(i))(Nov. 2003), comment. (Nov. 2002).

Aguilar's base offense level was reduced for acceptance of responsibility. Assuming, without deciding, that the district court had the discretion under § 5K2.0 to depart, Aguilar has not alleged any facts that would warrant a departure.

*AFFIRMED*

2